## HENRY SCHMIDT *vs.* LOUIS N. GAYNER.

Submitted on briefs Dec. 3, 1894. Affirmed Dec. 7, 1894.

No. 9158.

**Action against a receiver without leave of court.**

The plaintiff, without leave of court, brought an action to recover money in the actual possession of a receiver under the order of the court which appointed him. *Held,* that the action could not be maintained.

On reargument. Feb. 1, 1895.

**Receiver not personally liable for his acts as an officer of the court.**

A receiver, being an officer of the court, incurs no personal liability for acts done under and in strict conformity to the order of the court. For such acts an action will lie against him only in his official capacity, and judgment must be rendered against him as receiver, payable and enforceable only out of property held by him in that capacity.

Appeal by plaintiff, Henry Schmidt, from a judgment of the District Court of Hennepin County, *Henry G. Hicks,* J., entered July 25, 1894, that he take nothing by this action.

On June 13, 1892, Frida O. L. Oren owned and was in possession of the east half of the west half of lots seven (7) and eight (8) in block one (1) in Twelfth Avenue Addition to Minneapolis, and the dwelling house thereon. She on that day mortgaged the property to Charles A. Smith to secure the payment of her note for $1,750 due three years thereafter with interest payable semiannually at the rate of eight per cent per annum. C. Carlson was then occupying the house as her tenant and paying $10 a month

rent. The mortgage contained a provision that on default in the payment of any installment of interest when due the mortgagee or his assigns might declare the entire debt due and enter the premises and collect the rents of the tenant and apply them upon the debt. On July 13, 1892, Oren sold and conveyed the property to Henry H. Kryger and he assumed to pay the mortgage. On January 30, 1893, Kryger sold and assigned to the plaintiff, Henry Schmidt, all the rents and profits of the property then due or that might become due within eighteen months thereafter, but the assignment was not recorded. No interest was paid on the debt, or insurance or. taxes on the property, and Smith the mortgagee commenced an action March 3, 1893, in the District Court of Hennepin county against Oren, Kryger and Carlson to foreclose the mortgage and stated in his complaint that the property was inadequate security and asked for and obtained the appointment of the defendant, Louis N. Gayner, as receiver of the rents and profits pending the action. He accepted, gave bond and collected thereafter seven months rent, $70. Judgment of foreclosure was entered in that action May 31, 1893, directing a sale of the property to pay the debt, interest, taxes and costs then amounting to $1,871.20 and the expenses of the sale. The sheriff sold the property July 21, 1893, to said Charles A. Smith for $1,-768.16 and retained $18.16, expenses of the sale, and the residue was applied on the debt, and judgment docketed against Oren for the balance, $121.20 and interest. The rents collected by the receiver were ordered paid to Smith upon this judgment.

On February 1, 1894, Henry Schmidt commenced this action before Franklin L. Stiles, a Justice of the Peace of Hennepin county against Louis N. Gayner to recover of him personally $90 rents which he alleged Gayner had collected of the tenant Carlson between May 9, 1893, and January 25, 1894. Gayner answered setting out the facts above stated. The plaintiff had judgment in that court for $70 and costs. Gayner appealed to the District Court on questions of both law and fact. The action was there tried on April 23, 1894. The jury under the instruction of the Judge found a verdict for defendant. Plaintiff excepted to the instruction and judgment having been entered he appeals therefrom to this court.

*A. C. Middelstadt* and *C. A. Ebert*, for appellant on reargument.

Where a person collects money which in equity and good conscience belongs to another, an action for money had and received may be maintained by the rightful owner to recover it. *Sibley* v. *County of Pine*, 31 Minn. 201; *Brand* v. *Williams*, 29 Minn. 238; *De Graff* v. *Thompson*, 24 Minn. 452.

The plaintiff was not made a party in the action in which a receiver was appointed. One not a party nor privy to a party to an action cannot be bound by the result. *Cannon River Mfg. Ass'n* v. *Rogers*, 42 Minn. 123; *Maloney* v. *Finnegan*, 40 Minn. 281.

Defendant Gayner is simply the agent for C. A. Smith, he being the principal. Gayner admits he collected the rents, but justifies under the receivership. The clause in a mortgage that the income from the mortgaged property may be taken in case of default in payment of interest or principal, is not enforceable. *De Graff* v. *Thompson*, 24 Minn. 452; *Pioneer Sav. & L. Co.* v. *Farnham*, 50 Minn. 315; *Hazeltine* v. *Granger*, 44 Mich. 503; *White* v. *Rittenmeyer*, 30 Ia. 268; *Spencer* v. *Lovering*, 8 Minn. 461.

We concede that the jurisdiction of the court appointing a receiver is exclusive and that an action at law cannot be prosecuted against him except by leave of court. This was the general rule in the absence of statute. The statute of our state has changed this rule to the extent that a receiver may now be sued in respect to any act or transaction in connection with the trust property which has come into his hands under his appointment. Laws 1893, ch. 54. The same rule obtains in the Federal courts since the act of March 3, 1887, 24 U. S. Stat. ch. 373, p. 552, as corrected by act of August 13, 1888, 25 U. S. Stat. ch. 866, p. 436: *Texas & P. Ry. Co.* v. *Cox*, 145 U. S. 593; *McNulta* v. *Lochridge*, 141 U. S. 327.

After defending on the merits taking the chances of making a successful defense precisely as if the court had jurisdiction of the case, defendant should not be at liberty at this stage to deny the jurisdiction of the court, because no previous leave to sue had been obtained. *Eddy* v. *Lafayette*, 49 Fed. Rep. 807.

In reply to defendant's claim that he should have been sued as receiver, we refer to *Kenney* v. *Ranney*, 96 Mich. 617; *Curran* v.

*Craig,* 22 Fed. Rep. 101; *Lyons-Thomas Hardware Co.* v. *Perry Stove Mfg. Co.,* 86 Tex. 143; Beach, Receivers, p. 718, § 717.

*A. Ueland,* for respondent on reargument.

Defendant was an officer of the court and collected the money in question in that capacity. In collecting the rents he acted throughout within the terms of the order appointing him receiver. If he was not entitled to the rents, application should have been made to the court for permission to sue him as receiver, and he should thereupon have been sued as receiver. He cannot under the circumstances be held personally liable. *Holcombe* v. *Johnson,* 27 Minn. 353; *Meara's Adm'r* v. *Holbrook,* 20 Ohio St. 137; *Woodruff* v. *Jewett,* 37 Hun, 205; *Commonwealth* v. *Runk,* 26 Pa. St. 235; *Farmers L. & T. Co.* v. *Central Railroad,* 7 Fed. Rep. 537.

Laws 1893, ch. 54, cannot have any bearing upon this case, because defendant was not sued as receiver. The action is against him in his individual capacity. Defendant having shown conclusively that all the money he collected was collected by him as receiver, he is not personally liable. *Fisher* v. *Hubbell,* 1 Thomp. & C. 97.

MITCHELL, J. This is an action to recover money alleged to have been collected by defendant "for and on behalf" of the plaintiff, and which defendant had failed and refused to pay over. The undisputed facts are that in June, 1891, one Oren, then the owner of certain premises, executed to one Schmidt a mortgage thereon to secure the payment of a certain promissory note; that this mortgage contained a stipulation that in case of any default in the payment of principal or interest when due the mortgagee should have the right to enter the premises, and collect the rents, and apply them on the debt; that subsequent to the execution and record of this mortgage Oren conveyed the premises to one Kryger, who in January, 1893, assigned to plaintiff all his right and interest in the rents and profits of the premises for the next eighteen months; that in March, 1893, default having been made in the conditions of the mortgage, Schmidt commenced an action to foreclose, to which Kryger was a party defendant, in which the defendant was by the court appointed

receiver, to lease the premises, and collect the rents, pending the action; that as such receiver he leased the premises, and collected the rents which are sought to be recovered from him in the present action. The foreclosure suit resulted in a sale of the premises for less than the amount due on the mortgage, the amount of the deficiency being more than rents collected by the receiver. The judgment of the court in that action directed the receiver to apply the rents in his hands to the payment of the deficiency.

There are probably several reasons why plaintiff cannot maintain this action, but the mention of one is sufficient. It will be observed that not only has no leave to bring this suit been obtained from the proper court, but also that the purpose of the action is to recover from the receiver money actually in his possession under the order of the court,—in other words, "a fund in court,"—and of which he has taken possession in strict conformity with the directions of the court. The possession of the fund by the receiver cannot be interfered with in that way.

Without now considering the question whether plaintiff's proper course would have been to obtain leave from the court to sue the receiver, or to have intervened and asserted his right to the money in the foreclosure action, and without determining what the effect of a failure to obtain leave to sue would be in actions not interfering with the actual possession by the receiver of property or money which he holds under the order of the court, we hold that this action cannot be maintained. See *Barton* v. *Barbour*, 104 U. S. 126.

Judgment affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 333.)

On reargument.    Feb. 1, 1895.

MITCHELL, J.    A reargument was granted for the reason that we were not aware of the existence of Laws 1893, ch. 54, entitled "An act providing for suits against receivers," etc., to which counsel failed to call our attention. But, passing the question of the applicability and effect of that statute, the same result must be reached upon another ground. This action is against the defendant person-

ally, and not officially. He was an officer of the court, and acted under and in strict conformity to its order. This affords him full exemption from all personal responsibility. Assuming, without deciding, that upon the facts an action would lie against him at all, it would only be an action against him in his official capacity, the judgment in which would be against him as receiver, and payable and enforceable only out of funds or property held by him officially.

Judgment affirmed.

(Opinion published 62 N. W. 265.)